UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IRA JEROME ROSS** | : | **DOCKET NO. 21-cv-1386** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **US POSTAL SERVICE** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 1] filed pursuant to 28 U.S.C. § 1983, by plaintiff Ira Jerome Ross ("Ross"), who is proceeding *pro se* in this matter. Ross is an inmate in the custody of the Louisiana Department of Corrections and is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana.

**I.**
**BACKGROUND**

Plaintiff alleges that, due to a delay in the delivery of mail by the defendant, the United States Post Office, he was unable to file a motion for default judgment in the amount of $10 million in the United States District Court for the District of Maryland. Doc. 1, p. 7. The mail, which should have been delivered via certified mail in 3-5 business days, was received by the Maryland Post Office 27 days after mailing.

**II.**
**LAW & ANALYSIS**

*A. Frivolity Review*

Ross has paid the full filing fee, nevertheless, as a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is subject to preliminary screening

pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Section 1915A(b) provides for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Analysis

Plaintiff has named only the United States Post Office as a defendant. The United States and its agencies are exempt from suit and damages, except those actions to which it has expressly consented in the Federal Torts Claims Act, 28 U.S.C. § 2674. Thus, plaintiff's claims against the

United States Post Office are barred. *See Barrow v. Moore*, No. C-06-383, 2006 U.S. Dist. LEXIS 82523, at *9 (S.D. Tex. Nov. 13, 2006).

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that this suit be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 10th day of November, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE